CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 2 8 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MATHEW LEE GALLIMORE, | CASE NO. 7:12CV00535 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| SUPERINTENDANT, NEW RIVER VALLEY REGIONAL JAIL, | By: James C. Turk |
| Respondent. | Senior United States District Judge |

Matthew Lee Gallimore, a Virginia inmate proceeding pro se, filed this action in early November 2012, as a civil rights complaint under 42 U.S.C. § 1983, alleging that the Virginia Department of Corrections ("VDOC") had miscalculated his term of confinement, causing him to be detained past the expiration of his sentence, in light of earned good conduct time. As relief, Gallimore sought release from incarceration and monetary compensation. Given the nature of Gallimore's claim and demand for release, the court construed his pleading as a petition for a writ of habeas corpus, pursuant to 28 U. S. C. § 2254, granted him *in forma pauperis* status, substituted the jail superintendant as the proper respondent, and notified Gallimore that his claim for monetary damages was barred and would be dismissed. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (finding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).

In late November 2012, Gallimore notified the clerk's office that he had been released from jail and would soon provide the court with his address. The respondent has now filed a

motion to dismiss Gallimore's petition and verifies that on November 20, 2012, Gallimore was, in fact, released from jail to serve probation. Because Gallimore's only claim was miscalculation of his term of confinement and his prayer for habeas relief was immediate release, his § 2254 petition must be dismissed as moot now that he has been released.[1] See Lane v. Williams, 455 U.S. 624, 631 (1982).

For the reasons stated, the court dismisses Gallimore's cause of action without prejudice. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 28th day of December, 2012.

/s/ James C. Turk
Senior United States District Judge

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."